IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| GARY SHANE CHILDERS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 116-087 |
| | ) | (Formerly CR 106-074) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Gary Shane Childers filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The matter is now before the Court for an initial review of Petitioner's motion as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DISMISSED** and this civil action be **CLOSED**.

**I.   BACKGROUND**

On April 12, 2006, a grand jury in the Southern District of Georgia charged Petitioner and James Lester Kimbrell, III with (1) conspiracy to manufacture five grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (2) possession of a list I chemical, pseudoephedrine, with intent to manufacture a controlled substance, in violation of 21 U.S.C. 841(c)(1). United States v. Childers, CR 106-074, doc. no. 1 (S.D. Ga. Apr. 12, 2006) (hereinafter "CR 106-074"). On June 8, 2006, a grand jury returned a superseding

indictment adding a charge against Petitioner's co-defendant. Id., doc. no. 19. The Court appointed attorney Chuck R. Pardue to represent Petitioner, and on September 25, 2007, a jury convicted Petitioner on both charges. Id., doc. no. 74.

After the jury verdict, the United States Probation Office prepared a Presentence Investigation Report ("PSI") which set Petitioner's Total Offense Level at thirty-four, Criminal History Category at VI, and Guidelines term of imprisonment at 262 to 327 months. PSI ¶¶ 43, 52, 67. Petitioner's total offense level was enhanced from thirty to thirty-four due to § 4B.1 of the Sentencing Guidelines, which designated him as a career offender for past offenses of aggravated robbery, aggravated burglary, and manufacturing a Schedule II substance. PSI ¶ 41. At sentencing on December 20, 2007, United States District Judge William T. Moore imposed a sentence of 262 months of imprisonment as to Count One and a sentence of 240 months as to Count Two, to be served concurrently. CR 106-074, doc. no. 84. The Eleventh Circuit affirmed Petitioner's convictions on appeal. Id., doc. no. 97.

On June 26, 2015, the United States Supreme Court decided Johnson v. United States, 135 S. Ct. 2551 (2015). In Johnson, the Supreme Court found the "residual clause" of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii) ("ACCA"), to be void for vagueness and a violation of the Constitution's guarantee of due process. Johnson, 135 S. Ct. at 2563. The "residual clause" of the ACCA violent felony definition includes a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). In Welch v. United States, 136 S. Ct. 1257, 1265 (2016), the Supreme Court held Johnson is a substantive decision retroactive in cases on collateral review.

Based on these recent rulings from the Supreme Court, Petitioner filed his § 2255 motion, arguing <u>Johnson</u> mandates he is no longer a career offender under § 4B.1 of the Sentencing Guidelines. Petitioner does not contend he was sentenced under the statutory provisions of the ACCA but instead argues for extension of <u>Johnson</u> to § 4B.1. (<u>See generally</u> doc. no. 1.)

## II. DISCUSSION

### A. <u>Johnson</u> Does Not Apply to the Guidelines.

As set forth above, Petitioner was sentenced as a career offender under § 4B1.1 of the advisory sentencing guidelines because of prior convictions for aggravated robbery, aggravated burglary, and manufacturing a Schedule II substance. PSI ¶¶ 41, 45-46, 48.

Although the ACCA and Guidelines "include an identical residual clause that encapsulates crimes that 'present[] a serious potential risk of physical injury to another[,] 18 U.S.C. § 924(e)(2)(B) [&] U.S.S.G. § 4B1.2(a)(2)," <u>Johnson</u> does not apply to career offender enhancements under the sentencing guidelines. <u>United States v. Matchett</u>, 802 F.3d 1185, 1194 (11th Cir. 2015). This is because the vagueness doctrine under the Due Process Clause does not apply to the sentencing Guidelines but is, instead, "limited to criminal statutes that define elements of a crime or fix punishments." <u>Id.</u> As Petitioner's sentence was not based on application of the ACCA's residual clause, and the Eleventh Circuit has determined <u>Johnson</u> does not apply to enhancements under the Guidelines, Petitioner is not

3

entitled to relief.[1] See id.; In re Bradford, No. 16-14512-J, 2016 WL 4010437, at *6 (11th Cir. July 27, 2016)

Because Petitioner's claim is clearly without merit based on the current record and Eleventh Circuit case law, his motion is ripe for dismissal under Rule 4 of the Rules Governing Section 2255 Proceedings.

### B. A Certificate of Appealability Should Not Issue.

The Court also recommends denial of a certificate of appealability ("COA") and denial of *in forma pauperis* ("IFP") status on appeal. A federal prisoner must obtain a COA before appealing the denial of his motion to vacate. The District Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts. Applying the COA standards, which are set forth in Brown v. United States, 407 CV 085, 2009 WL 307872, at *1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues regarding the instant § 2255 motion, so no COA should issue. 28 U.S.C. § 2253(c)(1); see Slack v. McDaniel, 529 U.S. 473, 484 (2000) ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case . . . no appeal would be warranted."); see also Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed notice of appeal). Since there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, IFP status on appeal should likewise be denied. 28 U.S.C. § 1915(a)(3).

---

[1]The United States Supreme Court has granted certiorari to consider whether Johnson applies retroactively to collateral cases challenging federal sentences enhanced under the residual clause in U.S.S.G. § 4B1.2(a)(2). Beckles v. United States, 616 F. App'x 415 (11th Cir. 2015), *cert. granted* No. 15-8544 (U.S. June 27, 2016).

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** 1and **RECOMMENDS** that the § 2255 motion be **DISMISSED**, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 9th day of August, 2016, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA